UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY L. SIERS,                )
                               )
        Plaintiff,             )
                               )   CAUSE NO. 3:14-CV-2031 PS
        vs.                    )
                               )
SHAWN MCGUIRE, *et al.*,       )
                               )
        Defendants.            )

OPINION AND ORDER

Jerry Lee Siers, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 7.) I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603.

Here, Siers alleges that he was subjected to excessive force on August 7, 2013, during an arrest by detectives from the Marion Police Department and Wabash County Sheriff Department in Marion, Indiana. He claims that he complied with Marion Police Department Detective Shawn McGuire's instructions to lie down on the ground. Nevertheless, Detective McGuire released his K-9 and allowed the dog to maul Siers upper thigh and groin area. As a result of the attack, Siers suffered muscle and nerve damage,

as well as the loss of his right testicle. Siers further alleges that Wabash County Sheriff Department Detective Mike Davis was present during this time and, acting in concert with Detective McGuire, allowed the excessive force to take place and continue. Siers seeks compensatory and punitive damages.

Because Siers is a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473-74 (7th Cir. 2009). However, the standards that apply are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* at 475. Under the Eighth Amendment, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* An inmate cannot refuse to comply with a direct order from a correctional officer, and if he does the officer is justified in using some level of force to obtain his compliance. *Lewis*, 581 F.3d at 473; *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984).

Here, giving Siers the inferences to which he is entitled at this stage, he alleges a plausible claim that Detective McGuire used more force than was necessary under the circumstances. He alleges that he complied with Detective McGuire's instructions to lie on the ground, but the officer still allowed his K-9 to attack Siers, causing him significant pain

2

and injuries. The complaint can be read to allege that Siers was not offering resistance during this incident, and that he complied with the orders had he been given. Although further factual development may show that Detective McGuire's actions were reasonable under the circumstances, Siers has alleged enough to proceed on this claim.

Next, Siers brings suit against Detective Davis for failing to intervene in Detective McGuire's use of excessive force. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982).

Giving Siers the inferences to which he is entitled at this stage, he alleges a plausible claim that Detective Davis knew that Detective McGuire was engaging in excessive force, had an opportunity to prevent Detective McGuire from using more force than was necessary under the circumstances, and nevertheless failed to intervene. The complaint can be read to allege that because they were acting in concert, Detective Davis allowed Detective McGuire to use excessive force on Siers. Although further factual development may show that Detective Davis acted reasonably under the circumstances, Siers has alleged enough to proceed on this claim.

For these reasons, I:

(1) **GRANT** the plaintiff leave to proceed against Detective Shawn McGuire in his individual capacity for monetary damages for using excessive force against him on August 7, 2013;

(2) **GRANT** the plaintiff leave to proceed against Detective Mike Davis in his individual capacity for monetary damages for failing to intervene in Detective McGuire's use of excessive force on August 7, 2013;

(3) **DISMISS** any and all other claims contained in the complaint;

(4) **DIRECT** the U.S. Marshals Service to effect service of process on Detective Shawn McGuire and Detective Mike Davis; and

(5) **ORDER** that Detective Shawn McGuire and Detective Mike Davis respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: June 15, 2015     s/ Philip P. Simon
                           Philip P. Simon, Chief Judge
                           United States District Court